<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA<br><br>    Plaintiff,<br><br>    v.<br><br>WONDER GROUP INC., a/k/a;<br>f/k/a REMARKABLE FOODS, INC.,<br>a/d/b/a, FOOD TRUCK INC. *et al.*,<br><br>    Defendants. | 25cv3232 (EP) (CLW)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

*Pro se* Plaintiff Richard Zelma alleges that Defendant Wonder Group Inc. ("Defendant") sent Plaintiff two unsolicited text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and multiple New Jersey laws.  D.E. 1 ("Complaint").  In response, Defendant filed a motion to dismiss[1] the Complaint as well as a motion for sanctions,[2] arguing that Plaintiff fails to state a claim, that his allegations are frivolous, and that he has filed numerous similar frivolous lawsuits against various entities.

The Court reviewed the parties' briefs.  There are several quotations, citations, and cases in Plaintiff's opposition[3] to Defendant's Motion to Dismiss that, after an extensive review, the Court cannot find.  In some instances, Plaintiff quotes language in cases, but the Court cannot find those quotations.  For example, Plaintiff quotes *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 413 (S.D.N.Y. 2003) as stating that "[a] party cannot invoke Rule 11 sanctions where its own allegations remain unsupported by evidentiary proof."  Opp'n at 8.  However, the Court

---

[1] D.E. 8 ("Motion to Dismiss").
[2] D.E. 11 ("Motion for Sanctions").
[3] D.E. 9 ("Opposition" or "Opp'n").

cannot find this quotation within the cited authority. Other similar examples from Plaintiff's Opposition include the following:

- Plaintiff quotes *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)[4] as stating that "TCPA restrictions apply to all entities engaging in unsolicited communications, without exception." Opp'n at 13-14. The Court cannot find this quotation within the quoted authority.

- Plaintiff quotes *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017)[5] as stating that "[v]erification messages fall under TCPA regulations when sent without prior express consent." Opp'n at 14. Again, the Court cannot find this quotation. In fact, *Van Patten* makes zero mention of verification messages.

- Plaintiff quotes *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 1041 (9th Cir. 2018)[6] as stating that "[e]xpress consent under the TCPA must be established through clear and demonstrable evidence, not merely assumed or asserted." Opp'n at 14. This quotation also does not exist. The word "demonstrable" does not even appear in the opinion.

- Plaintiff quotes *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018)[7] as stating that "the determining factor for [automatic telephone dialing system] is the technology used to send the messages, not how the sender describes them." Opp'n at 16. This quotation also could not be found within the quoted authority.

---

[4] Plaintiff does not provide a pin citation.
[5] Plaintiff does not provide a pin citation.
[6] Plaintiff does not provide a pin citation.
[7] Plaintiff does not provide a pin citation.

In addition to the above, Plaintiff cites to cases that the Court cannot find at all, including: (1) *Monteglongo v. Abrea*, No. B297682, 2021 Cal. App. LEXIS 164 (Cal. Ct. App. 2021); and (2) *Nat'l Union Fire Ins. Co. v. Midwest Express Airlines, Inc.*, 2002 WL 32357183 (D. Kan. 2002). The case number cited by Plaintiff for *Montelongo* (B297682) leads to an entirely different case. For *National Union*, the Westlaw identifier (2002 WL 32357183) provides no results on Westlaw; moreover, the Court cannot otherwise locate the case by its name, and a search for the quote Plaintiff attributes to the case in his Opposition results in zero hits on Westlaw as well.

Before the Court addresses the merits of Defendant's motions, the Court will order Plaintiff to explain the above discrepancies. Accordingly,

**IT IS**, on this **14th** day of July 2025, for the reasons set forth above, **ORDERED** that Plaintiff shall file on the docket, **within 30 days of this Order**, the following:

1. For quotations included in Plaintiff's Opposition: Plaintiff shall provide the Court with a PDF electronic copy of every case he quotes and highlight where the quotation is located within the cited authority;

2. For cases that Plaintiff cites to but does not quote: Plaintiff shall provide the Court with a PDF electronic copy of every case he cites, and in those copies, highlight the sentences within the opinion that support the proposition he cites the cases for;

3. Furthermore, while assembling the above information, for any cases or quotations that Plaintiff cannot provide, he shall indicate so in a letter to the Court and explain where he originally found the quotations and cases he used in his Opposition; and

4. Plaintiff shall disclose in a letter to the Court whether he used generative artificial intelligence in drafting his filings, and if so, to what extent.

                                                                                    _____
                                                                                    Evelyn Padin, U.S.D.J.